UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DEL RIO,<br><br>  Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>  Respondents. | Civil No.  16cv2717-WQH (JLB)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. The Petition is subject to dismissal without prejudice because Petitioner has failed to allege exhaustion of state court remedies.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has submitted a copy of his inmate trust account statement which shows that he has no funds on account at the California correctional institution in which he is presently confined. (ECF No. 2.) The Court will construe this as a motion to proceed in forma pauperis. Because Petitioner cannot afford the $5.00 filing fee, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

## FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Here, Petitioner has indicated that he has not raised his claims in the California Supreme Court. (Pet. at 6.) The burden of pleading that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court **GRANTS** Petitioner's Motion to proceed in forma pauperis and **DISMISSES** this action without prejudice because Petitioner has failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must file a First Amended Petition no later than **January 9, 2017**, that cures the pleading deficiencies set forth above. Petitioner is advised that if he has not alleged exhaustion of his state court remedies before **January 9, 2017**, he will have to start over by filing a completely new habeas petition in this Court. See <u>In re Turner</u>, 101 F.3d 1323

1 | (9th Cir. 1997). The Clerk of Court is directed to send Petitioner a blank Southern
2 | District of California amended petition form along with a copy of this Order.
3 | **IT IS SO ORDERED.**
4 | **DATED: November 14, 2016**

*William Q. Hayes*
WILLIAM Q. HAYES
**United States District Judge**